FRED W. JONES, Jr., Judge.
Plaintiff appealed a lower court judgment rejecting his claim for additional attorney fees against a lawyer to whom he referred a case in 1981. For the reasons assigned below, we affirm.
In 1981 plaintiffs cousin came to him with a medical malpractice claim arising from the death of her husband. Plaintiff agreed to handle the claim on a 40% contingency fee basis. In 1982 plaintiff discussed the case with defendant-lawyer who shared office space with plaintiff. Since plaintiff’s practice was primarily criminal defense and defendant had more experience with medical malpractice, it was agreed that defendant would handle the case. A division of the attorney fee was not discussed. Plaintiff’s health problems then caused him to curtail his practice of law and eventually terminate it. He did not pay bar association dues after 1984.
In December 1984 the Medical Review Board ruled for plaintiff’s cousin and she received $100,000 from the health care providers’ insurer. The 40% contingency fee was divided on the basis of 27% for defendant and 13% for plaintiff. In 1985, after a two-day trial, plaintiff’s cousin was awarded $341,409.76 from the Patients’ Compensation fund. Plaintiff requested 13% of this amount as his portion of the attorney fee. Defendant, contending there was no agreement between the lawyers beyond the division of the initial $100,000, took a full 33-⅛% of the award for himself. Plaintiff’s cousin paid him 6-⅜% which, when combined with defendant’s 33-⅛%, was the 40% attorney fee to which the cousin had originally agreed. Plaintiff then filed this suit against defendant for an additional 6-7s% of the award.
The lower court found there was a 27%-13% agreement for the initial $100,000 recovery, but determined that there was no specific agreement beyond that. Additionally, the lower court concluded plaintiff was not a licensed attorney in 1985, when the trial, judgment and payment of the $341,409.76 occurred. Plaintiff was, therefore, under Disciplinary Rule (DR) 3-102 of the Code of Professional Responsibility, prohibited from receiving a fee. Judgment was rendered for defendant dismissing plaintiff’s demand.
Plaintiff’s appeal asserts only that the trial court erred in finding he was a non-lawyer under DR 3-102 and therefore not entitled to a share of the legal fee.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979), the Louisiana Supreme Court held that the Code of Professional Responsibility has the force and effect of substantive law. Disciplinary Rule 3-102 of that Code provides specifically that “A lawyer or law firm shall not share legal fees with a non-lawyer ...” The three exceptions noted are not applicable to this case.
Plaintiff contends he was still a “lawyer” within the meaning of the Code because his failure to pay Bar Association dues did not remove his valid certificate to practice law. He relies on Louisiana State Bar Association v. Powell, 195 So.2d 280, 284 (La.1967), which held that disbarment proceed *210 ings could continue even though defendant-lawyer had voluntarily “rendered himself ineligible to practice law” in Louisiana through non-payment of bar dues. The Supreme Court specifically held that defendant Powell was ineligible to practice law in Louisiana, even though he was still on the roll of attorneys filed with the court and possessed a valid certificate to practice law issued by the Supreme Court.
Clearly, using his own case authority, plaintiff was not eligible to practice law in Louisiana in 1985, even though he was still on the roll of attorneys and possessed his certificate to practice.
Black's Law Dictionary defines “lawyer” as: “... a person licensed to practice law_” Plaintiff was not licensed to practice law in 1985. Consequently, he was a “non-lawyer” within the meaning of DR 3-102. Therefore, plaintiff was ineligible to share in a legal fee. In view of the foregoing, we need not address plaintiffs allegations regarding his “earning” of a fee under a customs and practice theory.
The judgment of the lower court dismissing plaintiff’s petition is therefore affirmed.